**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS**

MOCTEZUMA RIVERA CASTELAN,
on behalf of himself and others
similarly situated,
        Plaintiffs,

v.

GARY VILLARREAL; KINNEY
COUNTY, TEXAS; and THE
LUBBOCK PRIVATE DEFENDERS'
OFFICE,
        Defendants

Case No. 5:23-cv-01394

Class Action
Jury Trial Demanded

### ***CORRECTED MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AS TO DEFENDANT GARY VILLARREAL AND BRIEF IN SUPPORT THEREOF***

Defendant Gary Villarreal, by and through the undersigned counsel, move to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, move for a more definite statement under Fed.R.Civ.P. 12(e).

### Motion to Dismiss

Defendant is an attorney and lawyer who allegedly represented **Plaintiff** in a criminal matter brought against him in the County Court of Kinney County, Texas (hereinafter, "the underlying criminal case"). ***See*** **Complaint, ¶3-4**. **Plaintiff** alleges that Defendant failed to properly represent him in the underlying criminal case, which resulted in dismissal[1]. ***See*** **Complaint, ¶30-33**. However, **Plaintiff** only makes conclusory allegations regarding what the Defendant allegedly did wrong or how that

---

[1] It is unclear from the Plaintiff's Complaint if he was entitled to be released on an Immigration bond by Immigration Court and it is unclear if he had a criminal record or immigration history in the United States that would have prevented him from actual release from state of federal custody.

alleged wrongdoing resulted in any damages to **Plaintiff**. As an undocumented and illegal alien in the United States the **Plaintiff** would not have had the right to work, live, reside or remain in the United States. Further, he would have very likely not had the funds to pay an immigration bond even if released from state custody. More importantly, even if he had been released on bail for his state charge he very likely would have been denied bond from an Immigration Court.[2]  For example, the Eloy Detention Center in Arizona had just a 10 percent grant rate for immigration bonds for aliens in immigration custody.[3] Custody would have been his status regardless of any action or inaction by **Plaintiff's** court appointed counsel.

**Plaintiff** fails to show that he was entitled to bond or could have made bond in a federal immigration court.  For this Motion to Dismiss the complaint fails to show or demonstrate **Plaintiff's** past immigration history. The complaint fails to show whether he was previously deported. And if so, fails to explain how his immigration detention would have likely resulted in a release. There is no allegation that an immigration bond was likely.

The Court should dismiss the Complaint, because it fails to provide Defendants with **"**fair notice of what the claim is **and the grounds upon which it rests**." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007)(emphasis added).

To provide such notice, a complaint must comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The Supreme Court in *Twombly* rejected that

---

[2] https://trac.syr.edu/reports/722/ "Detained Immigrants Seeking Release on Bond Have Widely Different Outcomes – Overall Bond Grant Rates Have Dropped." (Published Jul 19, 2023)
[3] See Id.

Rule 8 only calls for general notice pleading.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Therefore, a complaint does not meet federal pleading standards with a "formulaic recitation of the elements of a cause of action" or "unadorned, the-defendant- unlawfully-harmed-me accusations…." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).  Regardless of whether a plaintiff properly recites the elements of the pled causes of action, "the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *Brooks,* 578 F.3d at 581; *see also Brooks v. Jackson County*, 2009 WL 3065200 at *1 (S.D.Ill. Sep 23, 2009).  Given the foregoing, a complaint that consists of nothing more than "naked assertion[s] devoid of further factual enhancement must be dismissed for failing to meet the requirements of Rule 8."  *Iqbal*, 129 S.Ct. at 1949.

The basic question under Rule 8 is whether the **factual** allegations provide sufficient notice to the Defendants of the grounds for the claims brought against them. The Complaint fails even this admittedly low bar.  The purported cause of action in the Complaint – for professional malpractice - consists  of nothing more than formulaic recitations of the elements of the cause of action and speculation.  Even more conspicuous by its absence is the Defendant's actual harm or economic damages. There is no reference to allegation as to how the Defendant proximately caused the **Plaintiff's** incarceration ***and or*** his damages.  There is no reference as to whether the Defendant was factually innocent of the state criminal charges brough against him.

The Complaint makes conclusory allegations that provide the Defendant with no real notice of what he is alleged to have done wrong.  Instead, Plaintiff merely claims

3

that the Defendant failed to **file any motions, conducted no investigation and failed to bill the defenders office, and or failed to do anything.** *See* Complaint, ¶31. **Plaintiff** claims he suffered economic harm and emotional distress because of the Defendant's conduct. **Plaintiff** fails to allege with any specificity whether he would have remained in immigration custody in the United States and whether he broke immigration laws to enter the United States. The **Plaintiff** fails to state whether he was even entitled to be released on bail as an undocumented person or illegal alien.

The Plaintiff fails to articulate when and how defense counsel was notified of the court appointment on December 21, 2021. The Plaintiff presumes that his appointed counsel received actual notice of the appointment four (4) days before Christmas in 2021. The Plaintiff does not specify how he attempted to contact his appointed counsel, the Defendant. Further, he fails to state whether he ever had a hearing date in state court and whether his appointed counsel, the Defendant, had failed to appear.

The threadbare allegations contained in the politically charged Complaint obviously cannot and do not provide Defendant with fair notice of the grounds for the claims being brought against them. An answer in similar form to the Complaint would simply be that Defendant deny all unspecified allegations and assert that they have various unspecified defenses, perhaps spelling out the elements of various defenses to professional liability claims. The result, of course, would be that none of this would remotely advance the ball, nor would any of it comply with the spirit or intent of having pleadings. No litigant would know anything about what their opponent's allegations were, discovery would be an unguided missile, and the inefficiency would be staggering – hardly the desired goal in any court, much less a federal district court.

For example, the Complaint is so shorn of specifics that it does not even provide Defendants with the ability to meaningfully fulfill their disclosure duties under Federal Rule of Civil Procedure 26(a)(1).  Defendants cannot name witnesses or evidence that may support their defenses when they have no idea what they allegedly did wrong.

Given its complete lack of factual detail, the Court should dismiss the Complaint without prejudice for failing to comply with the pleading standard imposed by Federal Rule of Civil Procedure 8(a)(2).

### **Motion for More Definite Statement**

Federal Rule of Civil Procedure 12(e) allows for a motion for more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."  *Id.*  A motion for more definite statement should be granted "in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question."   Fed.R.Civ.P. 12(e) advisory committee note.  The moving party must "point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e).  Granting a more definite statement is at the discretion of the trial court.

A plaintiff seeking to recover in negligence must prove that the defendant's breach of a legal duty proximately caused his damages.

**The Plaintiff has failed to state any facts that gave rise to his state (State of Texas) pretrial detention.**

**The Plaintiff has failed to state the names or persons that contacted Defendant Villarreal including the "family members".**

5

The Plaintiff has failed to state in what manner was Defendant Gary Villarreal appointed to him and when Defendant received that notice.

The Plaintiff has failed to state his damages other than he now lives with other family members in Mexico.

The Plaintiff has failed to state whether he had any documents to be legally present in the United States.

The Plaintiff fails to state whether he was entitled to bail and whether he would have been released to ICE custody.

The Plaintiff fails to state whether he was deported or remains in the United States today.

The Plaintiff fails to state whether he has a criminal record in the United States.

The Plaintiff fails to state with specificity how he lacked calories at the detention center and how that damaged his health. More importantly, how that was proximately caused by Defendant Gary Villarreal.

Further, if Plaintiff was subject to mandatory federal immigration detention based on his immigration history, Defendant fails to state how that would have undoubtedly kept him in detention and in a jail. And therefore, negating the element of incarceration as part of his harm.

The Plaintiff allegations that he makes less money working as a landscaper is a completely disingenuous statement. Plaintiff lacks a commonsense approach to this legal argument and factual allegation. Any hard-

**working man or woman from Mexico would tell you that making and selling tortillas does not earn you a greater wage than a landscaper in Mexico. In fact, tortilla makers might make less money than a landscaper depending on the employer. The allegation of harm on its face fails to state a claim as to the state claim for professional malpractice.**

Defendant Gary Villarreal cannot adequately answer the Complaint, because it wholly fails to state in even general terms what defenses they failed to develop, what counterclaims they failed to assert, what discovery requests they failed to respond to, what facts they did not keep Plaintiff apprised of, and what adverse representations they allegedly threatened to make.  Defendant needs all of this information to be able to properly respond to the Complaint.  Moreover, Defendant needs to know in general terms how the Plaintiff's claims that any of these (unpled) acts resulted in any economic harm or how it resulted in an adverse judgment against it in the underlying matter.

Therefore, Defendants move pursuant to Federal Rule of Civil Procedure 12(e) to have the Plaintiff more fully define the allegations in the Complaint in the manner requested above.

<u>**Conclusion**</u>

WHEREFORE, Defendants request that this Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, request that the Court order the Plaintiff to provide a more definite statement of its claims pursuant to Fed.R.Civ.P.  12(e), and further request any other relief this Court deems just and necessary under the circumstances.

Respectfully submitted,

**SOSTENES MIRELES II, PLLC**

*"/s/ Sostenes Mireles II"*
Attorney for Firm
#24041497
509 Spring Street
Del Rio, Texas 78840
Phone: (830) 775-6056
Fax: (866)877-5852
E-mail: mireleslawoffice@gmail.com
Lead Counsel for Defendant Gary Villarreal

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, **2024**, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

*"/s/Sostenes Mireles II"*
Sostenes Mireles II
Lead Counsel for Defendant Gary Villarreal